IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CRISTIANNE K. SILVA,

    Plaintiff,               No. 2:12-cv-1785 LKK KJN PS

    v.

UNITED STATES OF AMERICA,

    Defendant.            ORDER TO SHOW CAUSE
_____/

        On March 25, 2013, defendant the United States of America ("defendant") filed a Motion to Dismiss for Lack of Prosecution and noticed the motion for a hearing to occur on May 2, 2013.[1] (Mot. to Dismiss, Dkt. No. 21.) Under this court's Local Rules, plaintiff was obligated to file and serve a written opposition or statement of non-opposition at least fourteen days prior to the noticed hearing date; such an opposition or statement of non-opposition was due on or before April 18, 2013.[2] See E.D. Cal. L.R. 230(c). The court's electronic docket reveals that plaintiff failed to timely complete such filing and that, to date, plaintiff has not filed any response

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21), 28 U.S.C. § 636(b)(1), and a referral order dated March 22, 2013 (Dkt. No. 20).

[2] Local Rule 230(c) also provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

to defendant's pending motion.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal.

In light of the foregoing, IT IS HEREBY ORDERED that:

1. In an abundance of caution given plaintiff's status as a pro se litigant, the hearing on defendant's motion to dismiss, which is presently set for May 2, 2013, **is continued to June 6, 2013,** and shall occur at 10:00am, in Courtroom 25.

2. No later than **May 23, 2013**, plaintiff shall file a document showing cause in writing and explaining why sanctions, including dismissal of this lawsuit, should not be imposed for plaintiff's failure to prosecute and failure to file an opposition or statement of non-opposition to the pending motion. See Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110, 183(a); see Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (stating that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent

1 power to control their dockets and may impose sanctions including dismissal).  *Failure to file the*
2 *required writing shall constitute an additional ground for the imposition of appropriate*
3 *sanctions, including dismissal of this case.*

4     3.    No later than **May 23, 2013**, plaintiff shall also file a written opposition or
5 statement of non-opposition to defendant's pending motion to dismiss.  *Failure to file a written*
6 *opposition shall be deemed a statement of non-opposition, and shall constitute an additional*
7 *ground for the imposition of appropriate sanctions, including dismissal of this case.*

8     4.    Defendant may file a reply to plaintiff's opposition, if needed, on or before
9 **May 30, 2013.**

10     IT IS SO ORDERED.

11 DATED:  April 24, 2013

                                       _____
                                       KENDALL J. NEWMAN
                                       UNITED STATES MAGISTRATE JUDGE