1

2

3

4

5

6

7

8    IN THE UNITED STATES DISTRICT COURT

9    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CRISTIANNE K. SILVA,

11             Plaintiff,                    No. 2:12-cv-01785-LKK-KJN-PS

12        v.

13   UNITED STATES OF AMERICA,

         Defendant.                          ORDER & ORDER TO SHOW CAUSE
14   _____/

15            Currently pending before the court is defendant's Motion To Dismiss For Failure

16   To Prosecute.  (Mot. to Dismiss, ECF No. 21.)  This matter came on for hearing on June 20,

17   2013.  Attorney Edward A. Olsen appeared on behalf of the United States of America

18   ("defendant").  Plaintiff Cristianne K. Silva ("plaintiff"), who is proceeding without counsel in

19   this action, made no appearance.

20            The undersigned has considered the briefs, oral arguments, and appropriate

21   portions of the record in this case and, for the reasons stated on the record during the hearing and

22   described below, orders that defendant's motion is denied without prejudice to refiling.[1]  The

23   undersigned also orders plaintiff to show cause in writing why she should not be sanctioned for

24   failing to appear at the hearing on June 20, 2013.

25

26        _____
          [1]  This case proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), as well as a referral order issued on March 22,
     2013 (ECF No. 20).

I.      BACKGROUND

        Through her attorney, plaintiff Cristianne K. Silva ("plaintiff") filed the complaint on July 5, 2012.  (Compl., ECF No. 2.)  Plaintiff's case arises from the allegedly negligent medical care she received at the Travis Air Force Base.  On or about August 26, 2009, plaintiff allegedly consulted with defendant for purposes of diagnosis, care, and treatment, and specifically for an anterior cervical fusion, discectomy, and instrumentation at or about the C5-6 level.  (Id. at 3.)  Plaintiff alleges that her surgery was negligently performed, resulting in injuries.  (Id.)  Plaintiff alleges that, as a direct and legal result of the carelessness and negligence of defendant, plaintiff suffered and sustained permanent and debilitating spinal injuries, and other injuries presently undiagnosed.  (Id.)

        About two months after the assigned United States District Judge issued the Status (Pretrial Scheduling) Order (ECF No. 14) and set this case for trial, plaintiff's attorney filed a Motion To Withdraw As Attorney.  (ECF No. 15.)  The District Judge granted the Motion To Withdraw on February 26, 2013, accepting plaintiff's counsel's representation that communications with her client had "broken down[,] making it unreasonably difficult for counsel to represent Plaintiff effectively in this action."  (ECF No. 16 at 1.)  Thereafter, plaintiff's former attorney filed a declaration with the court confirming that she had served plaintiff with copies of the court's order (ECF No. 16) and related documents, and also provided the court with plaintiff's mailing address.  (ECF No. 18.)  In light of plaintiff's updated status as a litigant proceeding without counsel, the District Judge issued an order referring this case to the undersigned for all further pretrial proceedings.  (ECF No. 20.)

        On March 25, 2013, defendant filed a Motion to Dismiss for Lack of Prosecution and noticed the motion for a hearing to occur on May 2, 2013.  (Mot. to Dismiss, ECF No. 21.)  In its moving papers, defendant explains that plaintiff never provided her initial disclosures to defendant, despite defense counsel's efforts to meet and confer with her on the issue and despite the fact that defendant timely provided its own initial disclosures.  (Mot. to Dismiss at 2-3;

1    Declaration of Edward A. Olsen ("Olsen Decl."), ECF No. 21-2 ¶¶ 11-13.)  Defendant argues

2    that plaintiff's failure to provide the initial disclosures required by Federal Rule of Civil

3    Procedure 26 prejudices defendant's ability to effectively defend itself in this case, especially

4    given that the case has been pending since July 5, 2012.  (Mot. to Dismiss at 2-3.)

5              Defendant served the motion upon plaintiff at her address of record via U.S.

6    Mail.  (Certificate of Service, ECF No. 22.)  Under this court's Local Rules, plaintiff was

7    obligated to file and serve a written opposition or statement of non-opposition at least fourteen

8    days prior to the noticed hearing date; such an opposition or statement of non-opposition was due

9    on or before April 18, 2013.  See E.D. Cal. L.R. 230(c).

10             When plaintiff failed to timely complete such filing, the undersigned issued an

11   Order to Show Cause ("OSC") on April 25, 2013.  (OSC, ECF No. 24.)  The OSC continued the

12   hearing on defendant's motion to give plaintiff additional time to file an opposition and required

13   plaintiff to explain why she had not timely opposed the motion in the first place.  (Id.)

14             Plaintiff timely filed a letter-style "Statement" in substantial compliance with the

15   OSC.  (Statement, ECF No. 25.)  In her Statement, plaintiff explained that she did not timely

16   oppose the motion due to various medical reasons, detailed below.

17             Plaintiff writes, "I completely oppose and object to the defendant['s] pending

18   motion to dismiss my case.  Any sanctions, or a dismissal of my case would be cruel and unfair.

19   In my present mental capacity, I have tried to the best of my abilities to take care of my problems,

20   but unfortunately it is extremely difficult for me to do without [] proper representation.  I am

21   asking the court to give me a continuance, on the grounds of lack of proper representation, and/or

22   to lift the statute of limitation by lifting the time requirement on my claim due to my mental

23   competency."  (Id. at 3.)  Plaintiff also writes, "It would not be right to dismiss my claim because

24   my current health condition is a result of a failed surgery on my neck.  My inabilities and

25   incapacitations are the reasons why I file[d] this claim . . ."  (Id.)

26   ////

1    According to plaintiff, "[m]y physical and mental capacity has [sic] been severely

2    affected.  I have been suffering from extreme pain disorder, major depressive disorder, cognitive

3    and memory difficulty as well . . ."  (Id. at 1.)  Plaintiff explains that she suffers from: memory

4    problems, lethargy due to medications, extreme discomfort, total incapacitation at times, passing

5    out, weakness and fatigue, breathlessness, inability to focus, and an inability to care for her

6    personal affairs.  (Id. at 1-2.)  Plaintiff explains that Veterans' Affairs has appointed someone to

7    manage plaintiff's finances for her.  (Id.)  Plaintiff further explains that she had a baby on

8    January 28 (year not provided).  (Id. at 2.)  She says that she is still healing from her C-section

9    and also that she had a separate surgery in April for "removal of a[n] organ," as well as a separate

10   "tubal ligation procedure."  (Id.)

11   Plaintiff also explains that she is having difficulties as a pro se litigant.  (Id.)  She

12   says her original lawyer "bailed on" her, and that she has been "contacting several lawyers, but

13   for a variety of reasons, including the unfairness of the limitation cap in California, and trial[]

14   expenses, I have gotten several letters stating they are not able to represent me at this time."  (Id.

15   at 3.)  She also explains that she is seeking Legal Aid.  (Id.)

16   Finally, plaintiff attaches a note from her physician, Dr. Soriano, dated May 2,

17   2013, which states that plaintiff has "known chronic neck pain and depression," confirms

18   plaintiff's "recent pregnancy," and notes that plaintiff is being medicated and monitored by the

19   VA's mental health clinic for chronic depression.  (Id. at 7.)

20   After plaintiff filed her Statement, defendant filed a Reply (ECF No. 27) arguing

21   that plaintiff's medical circumstances do not relieve her of her obligation to timely prosecute her

22   case, and do not excuse her failure to provide initial disclosures given that the case was filed

23   back in July 2012.  (Id. at 1.)  Defendant takes issue with plaintiff's broad request for an open-

24   ended "continuance" because "there is no indication that a continuance will ultimately allow her

25   to prosecute her case."  (Id.)  Defendant notes that plaintiff does not explain when she expects

26   her "current health condition" to improve, and also that plaintiff "does not appear to express any

1   interest in representing herself in this litigation at any point." (Id.)  Finally, defendant argues that

2   plaintiff "has had more than sufficient time to secure representation in this case and has been

3   unable to do so by her own admission." (Id. at 2.)  Defendant urges the court to deny plaintiff's

4   request for a continuance and to dismiss the case with prejudice pursuant to Federal Rules of

5   Civil Procedure 41(b) and 37 for plaintiff's failure to prosecute and cooperate in discovery.  (Id.)

6          Defendant appeared through its counsel at the hearing regarding the pending

7   Motion to Dismiss, but no appearance was made on plaintiff's behalf.

8   II.    LEGAL STANDARD

9          Federal Rule of Civil Procedure 41(b) provides, in part: "(b) Involuntary

10  Dismissal; Effect.  If the plaintiff fails to prosecute or to comply with these rules or a court order,

11  a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).

12         Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an

13  action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure,

14  failure to comply with the court's local rules, or failure to comply with the court's orders.  See,

15  e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua

16  sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Counsel v. U.S.

17  Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action

18  pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute

19  or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d

20  1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court

21  may dismiss an action for failure to comply with any order of the court."); Pagtalunan v. Galaza,

22  291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to

23  prosecute when habeas petitioner failed to file a first amended petition), cert. denied, 538 U.S.

24  909 (2003).  This court's Local Rules are in accord.  See E.D. Cal. L.R. 110 ("Failure of counsel

25  or of a party to comply with these Rules or with any order of the Court may be grounds for

26  imposition by the Court of any and all sanctions authorized by statute or Rule or within the

1   inherent power of the Court."); E.D. Cal. L.R. 183(a) (providing that a pro se party's failure to

2   comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable

3   law may support, among other things, dismissal of that party's action).

4   　　　　A court must weigh five factors in determining whether to dismiss a case for

5   failure to prosecute, failure to comply with a court order, or failure to comply with a district

6   court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260 ("Pursuant to Federal Rule of Civil

7   Procedure 41(b), the district court may dismiss an action for failure to comply with any order of

8   the court.")  Specifically, the court must consider:

9

10   　　　　　　(1) the public's interest in expeditious resolution of
    　　　　　　litigation; (2) the court's need to manage its docket; (3) the
11   　　　　　　risk of prejudice to the defendants; (4) the public policy
    　　　　　　favoring disposition of cases on their merits; and (5) the
12   　　　　　　availability of less drastic alternatives.

13   Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th

14   Cir. 1995), cert. denied, 516 U.S. 838 (1995).  The Ninth Circuit Court of Appeals has stated that

15   "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a

16   way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods.

17   Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

18   III.   DISCUSSION

19   　　　　A.   Motion To Dismiss

20   　　　　While plaintiff's delay in providing initial disclosures to defendant has prevented

21   the "expeditious resolution of litigation," and risked "prejudice to the defendants," arguably

22   satisfying the first and third factors listed above, in this particular case the fourth and fifth factors

23   (the public policy favoring disposition on the merits and the availability of less drastic

24   alternatives) weigh against the immediate dismissal of plaintiff's case.  See Ferdik, 963 F.2d at

25   1260-61.  Given the facts of this particular case and taking plaintiff at her word, it is troubling

26   that plaintiff's delay in providing discovery is at least a partial result of medical injuries she

allegedly suffered at the hands of defendant.

Moreover, in defendant's moving papers, defendant referenced plaintiff's having recently provided a "signed release of medical information forms" in response to a meet and confer letter that defendant sent her on March 6, 2013. (ECF No. 21-2 ¶ 13.) According to defendant, however, plaintiff's response to the letter of March 6, 2013, did *not* include plaintiff's initial disclosures, so plaintiff's case should still be dismissed. (ECF No. 21-2 at 2.) While plaintiff's response failed to include the initial disclosures that defendant has repeatedly requested, that plaintiff provided a requested release form nevertheless suggests that plaintiff is *attempting* to prosecute her case despite her alleged medical limitations. At minimum, it cannot be said that this pro se plaintiff has abandoned her case.

While the undersigned is sympathetic to plaintiff's alleged medical difficulties and their alleged impact upon her ability to litigate her case, the undersigned also appreciates the frustration that a defendant potentially faces when a case languishes and discoverable facts get stale. Defendant may well have a solid basis for a Rule 41(b) motion should plaintiff *continue* to fail to produce her initial disclosures even after receiving yet another chance to do so. However, defendant has not convinced the court that the risk of prejudice to defendant and the court's interest in expeditious resolution of litigation *presently* outweigh the availability of less drastic alternatives to dismissal and the policy goal of deciding cases on their merits. See Ferdik, 963 F.2d at 1260-61. Reasonable and "less drastic" alternatives to dismissal exist and have not yet been exhausted in this case. See id.

Accordingly, defendant's Motion to Dismiss is denied without prejudice. Plaintiff shall have 60 days to seek to secure legal counsel and to produce her initial disclosures. If plaintiff fails to obtain counsel, at minimum, she must decide whether she wants to attempt to proceed pro se and if so, she must produce the initial disclosures herself. If she fails to produce initial disclosures within the 60-day period allowed, however, she will be in violation of this

////

1   court order.[2]  Thereafter, if necessary, defendant may refile its renewed Motion to Dismiss for

2   failure to prosecute, based on additional facts relating to any continued failure to provide initial

3   disclosures.  Plaintiff is forewarned that, should she fail to comply with any aspect of this order,

4   the undersigned will recommend that this case be dismissed.

5                              B.   Plaintiff's Failure To Appear At The Hearing

6                   Despite plaintiff's awareness of the pending Motion to Dismiss and the related

7   hearing date of June 20, 2013, plaintiff failed to appear at the hearing and made no attempt to

8   inform the court regarding her non-appearance.  While the court is mindful of plaintiff's

9   representations regarding her medical circumstances, the court is nonetheless troubled by

10  plaintiff's failure to appear at a hearing regarding the potential dismissal of her entire case.

11  Despite her alleged medical circumstances, the court's local rules, the Federal Rules of Civil

12  Procedure, and this court's orders all apply to plaintiff.  Plaintiff's knowing failure to appear at a

13  hearing on a matter where dismissal of her case hangs in the balance indicates that plaintiff may

14  mistakenly believe that these rules do not apply to her.

15                  Accordingly, within fourteen (14) days of the issuance of this order, plaintiff shall

16  show cause in writing why she should not be sanctioned for failing to appear at the hearing on

17  June 20, 2013.  Plaintiff's required filing shall be entitled "Response To Order To Show Cause,"

18  and should explain why plaintiff failed to appear at the hearing, why her "Statement" (ECF No.

19  25) in opposition to the motion should not be deemed withdrawn, and why she should not be

20  sanctioned for failing to comply with the court's local rules.  E.D. Cal. L.R. 230(i) ("Failure to

21  Appear.  Absent notice of intent to submit the matter on the briefs, failure to appear may be

22  deemed withdrawal of the motion or of opposition to the motion, in the discretion of the Court,

23  or may result in the imposition of sanctions.").  If plaintiff fails to timely file her Response To

24  Order To Show Cause, plaintiff may be sanctioned monetarily, and/or in the form of a "deemed

25  _____

26      [2]  If plaintiff chooses not to proceed pro se after an unsuccessful attempt to secure
counsel, plaintiff may voluntarily dismiss this case.

withdrawal" of her Statement (ECF No. 25) in opposition to defendant's motion, and/or in the form of dismissal of her case.  See id.; E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. L.R. 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

*If plaintiff fails to timely file her Response To Order To Show Cause by the deadline stated herein, plaintiff shall not receive the above-described additional 60 days in which to attempt to find counsel and in which to serve her initial disclosures upon defendant. In other words, the additional 60 days for plaintiff to attempt to find counsel and to provide initial disclosures is contingent upon plaintiff's timely filing of her Response To Order To Show Cause.  If plaintiff fails to timely file her Response To Order To Show Cause, defendant may promptly renew its Motion To Dismiss (ECF No. 21) (denied without prejudice to refiling as described herein) and may add new supporting facts relating to plaintiff's noncompliance with this Order To Show Cause.  As such, plaintiff's failure to timely file a Response To Order To Show Cause may result in a recommendation that her case be dismissed, and may be construed as plaintiff's consent to such dismissal.*

III.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.    Defendant's Motion To Dismiss For Failure To Prosecute (ECF No. 21) is denied without prejudice to refiling.

2.    Within fourteen (14) days of the issuance of this order, plaintiff shall show cause in writing why she should not be sanctioned for failing to appear at the hearing on June 20, 2013.  Plaintiff's required filing shall be entitled "Response To Order To Show Cause," and should explain why plaintiff failed to appear at the hearing, why her Statement (ECF No. 25) in

1  opposition to defendant's motion should not be deemed "withdrawn," as well as why she should

2  not be sanctioned monetarily and/or in the form of dismissal of her case for failure to comply

3  with the court's local rules.  E.D. Cal. L.R. 110, 183(a), 230(i).

4             3.      ***Contingent upon*** plaintiff's timely filing of her Response To Order To

5  Show Cause:

6             a.      Plaintiff shall have 60 days from the date of issuance of this order in which

7  to seek to secure legal counsel and to produce her initial disclosures.  If plaintiff successfully

8  obtains counsel, counsel shall promptly file a notice of appearance within 60 days of the date of

9  issuance of this order, and shall promptly coordinate with defense counsel to provide plaintiff's

10  initial disclosures within 60 days of the issuance of this order.  If plaintiff fails to obtain counsel,

11  however, she must decide whether she wants to attempt to proceed pro se in this action and if so,

12  she must produce the initial disclosures herself, within 60 days of the issuance of this order.  If

13  plaintiff fails to obtain counsel and chooses not to attempt to proceed pro se in this action, she

14  may file a notice of voluntary dismissal.

15             b.      Plaintiff is forewarned that, whether or not she secures counsel in this

16  matter, she must provide her initial disclosures to defendant.  If plaintiff fails to provide her

17  initial disclosures within the 60 days allowed, she will be in violation of this court order.

18  Thereafter, if necessary, defendant may refile its renewed Motion to Dismiss for failure to

19  prosecute, based in part on the additional facts attendant to such failure.  Plaintiff is also

20  forewarned that, should she fail to comply with any aspect of this order, the undersigned may

21  recommend that this case be dismissed.

22             4.      If plaintiff fails to timely file her Response To Order To Show Cause

23  within fourteen (14) days of the date of this order, plaintiff shall <u>not</u> receive additional time in

24  which to attempt to find counsel and in which to serve her initial disclosures upon defendant.  In

25  other words, the above-described additional 60 days for plaintiff to attempt to find counsel and to

26  provide initial disclosures is ***contingent upon*** plaintiff's timely filing of her Response To Order

To Show Cause.  If plaintiff fails to timely file her Response To Order To Show Cause,

defendant may promptly renew its Motion To Dismiss (ECF No. 21) (denied without prejudice to

refiling as described herein) and may add facts relating to plaintiff's noncompliance with this

Order To Show Cause.  As such, plaintiff's failure to timely file a Response To Order To Show

Cause may itself result in a recommendation that this case be dismissed, and may be construed as

plaintiff's consent to such dismissal.

IT IS SO ORDERED.

DATED:  June 27, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

11