UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIANNE K. SILVA, | No. 2:12-cv-01785-LKK-KJN-PS |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Plaintiff Cristianne K. Silva ("plaintiff") is proceeding without counsel in this action.[1] On June 28, 2013, the undersigned issued an Order and Order to Show Cause ("OSC") directed at plaintiff. (OSC, ECF No. 30.) For the reasons stated below, the undersigned orders that the OSC is discharged, and reminds plaintiff that her initial disclosures must be provided to defendant by August 27, 2013.

I. BACKGROUND

    a. The OSC

After explaining that plaintiff would be permitted 60 days in which to belatedly serve her initial disclosures upon defendant and in which to seek legal representation, the OSC addressed

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), as well as a referral order issued on March 22, 2013 (ECF No. 20).

1  plaintiff's failure to appear at a hearing and stated, in pertinent part:

> Despite plaintiff's awareness of the pending Motion to Dismiss and the related hearing date of June 20, 2013, plaintiff failed to appear at the hearing and made no attempt to inform the court regarding her non-appearance. While the court is mindful of plaintiff's representations regarding her medical circumstances, the court is nonetheless troubled by plaintiff's failure to appear at a hearing regarding the potential dismissal of her entire case. Despite her alleged medical circumstances, the court's local rules, the Federal Rules of Civil Procedure, and this court's orders all apply to plaintiff. Plaintiff's knowing failure to appear at a hearing on a matter where dismissal of her case hangs in the balance indicates that plaintiff may mistakenly believe that these rules do not apply to her.

(OSC at 8.)  The OSC further stated,

> ***If plaintiff fails to timely file her Response To Order To Show Cause by the deadline stated herein, plaintiff shall not receive the above-described additional 60 days in which to attempt to find counsel and in which to serve her initial disclosures upon defendant. In other words, the additional 60 days for plaintiff to attempt to find counsel and to provide initial disclosures is contingent upon plaintiff's timely filing of her Response To Order To Show Cause.***

(Id. at 9 (emphasis in original).)  The OSC concluded,

> Plaintiff shall have 60 days from the date of issuance of this order in which to seek to secure legal counsel and to produce her initial disclosures. If plaintiff successfully obtains counsel, counsel shall promptly file a notice of appearance within 60 days of the date of issuance of this order, and shall promptly coordinate with defense counsel to provide plaintiff's initial disclosures within 60 days of the issuance of this order. *If plaintiff fails to obtain counsel, however, she must decide whether she wants to attempt to proceed pro se in this action and if so, she must produce the initial disclosures herself, within 60 days of the issuance of this order.* If plaintiff fails to obtain counsel and chooses not to attempt to proceed pro se in this action, she may file a notice of voluntary dismissal.
>
> *Plaintiff is forewarned that, whether or not she secures counsel in this matter, she must provide her initial disclosures to defendant. If plaintiff fails to provide her initial disclosures within the 60 days allowed, she will be in violation of this court order.* Thereafter, if necessary, defendant may refile its renewed Motion to Dismiss for failure to prosecute, based in part on the additional facts attendant to such failure. *Plaintiff is also forewarned that, should she fail to comply with any aspect of this order, the undersigned may recommend that this case be dismissed.*

(Id. at 10 (emphasis added).)

      b.   Plaintiff's Response To The OSC

Plaintiff timely filed her Response to Order to Show Cause. (Response, ECF No. 31.) Therein, plaintiff represents that she was "under the false impression that [she] was not required to show up" at the hearing on June 20, 2013. (Id.) Plaintiff explains that although she understands her duty to comply with the rules of litigation procedure, she "completely misunderstood the rules." (Id.) Plaintiff also states that her health and disabilities have "taken a strong hold of [her] ability and capacity to normally function and to fully comprehend the specifics of rules and regulations of this court." (Id.) She states that she is "under heavy medications and that makes [her] unable to proper[ly] represent [her]self, and sometimes even to speak." (Id.) Plaintiff states that she should not be sanctioned "because of [her] disability to understand the rules at this point." (Id.) Plaintiff states that she is "trying to do the best that [she] can." (Id.) Plaintiff also explains that although she is "trying to get representation," she is "currently gathering the disclose information [sic] requested by the defendant independently if I find representation or not." (Id.)

II.    DISCUSSION

Based on plaintiff's representations and in light of her pro se status, the undersigned orders that the OSC is discharged. However, the undersigned warns plaintiff that, regardless of her difficulties understanding the rules, in the future she will not receive the same leeway the undersigned has given her in this instance. The undersigned appreciates plaintiff's trying medical circumstances, but such circumstances must not become a regularly-invoked excuse for failure(s) to timely comply with court orders and rules. The undersigned is encouraged by plaintiff's timely compliance with the OSC, which itself demonstrates plaintiff's ability to timely comply with court orders and rules despite her medical difficulties. The undersigned expects such timely compliance with all court orders and rules in the future. If plaintiff fails to provide timely compliance with court orders and rules, she will face monetary or other sanctions.

In particular, plaintiff has until **August 27, 2013**, in which to provide her belated initial disclosures to defendant. (ECF No. 30 (giving deadline 60 days from order issued on June 28, 2013).) ***This deadline will not be extended absent extraordinary circumstances.*** In this case,

3

"extraordinary circumstances" shall not include plaintiff's general medical circumstances and the difficulties attendant to those circumstances. Instead, plaintiff must account for her medical circumstances and the extra time she may need to budget to complete litigation-related tasks because of those circumstances. Although plaintiff's initial disclosures are nearly a year overdue, the undersigned's prior order gave plaintiff an additional 60 days to provide her initial disclosures. Plaintiff will have had ample time to provide her initial disclosures despite the difficulties her medical circumstances allegedly create. Should plaintiff fail to provide her initial disclosures to defendant on or before **August 27, 2013**, plaintiff will face monetary and/or other sanctions, including a recommendation that this case be dismissed.

III.     CONCLUSION

For all the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. In light of representations made within plaintiff's Response (ECF No. 31), the Order To Show Cause (ECF No. 30) is discharged.

    a. While the undersigned appreciates plaintiff's trying medical circumstances, such circumstances must not become a regularly-invoked excuse for failure(s) to timely comply with court orders and rules. The undersigned is encouraged by plaintiff's timely compliance with the OSC, which itself demonstrates plaintiff's ability to timely comply with court orders and rules despite her medical difficulties. The undersigned expects such timely compliance in the future.

    b. If plaintiff fails to provide timely compliance with all court orders and rules, she will face monetary and/or other sanctions.

2. As provided in the undersigned's prior order, plaintiff has until **August 27, 2013**, in which to provide her belated initial disclosures to defendant. (ECF No. 30.) ***This deadline will not be extended absent extraordinary circumstances.***

    a. In this case, "extraordinary circumstances" shall not include plaintiff's general medical circumstances and the difficulties attendant to those circumstances. Instead, plaintiff must account for her medical circumstances and extra time she may need to budget to complete litigation-related tasks because of those

        circumstances, and she must diligently meet the August 27, 2013, deadline regardless of those circumstances.

      b. Should plaintiff fail to provide her initial disclosures to defendant on or before **August 27, 2013**, plaintiff will face monetary and/or other sanctions, including a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated: July 19, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5