UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIANNE K. SILVA, | No.  2:12-cv-01785-LKK-KJN-PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Through these findings and recommendations, the undersigned recommends that plaintiff's case be dismissed with prejudice.  Plaintiff failed to file an opposition to defendant's motion to dismiss despite having been warned of the consequences.  Plaintiff also failed to appear at the hearing on the motion to dismiss on November 7, 2013, despite a court order requiring her appearance, and despite being warned that failing to appear could subject her to sanctions in the form of a recommendation that her case be dismissed.  (ECF Nos. 35-36.)  Attorney Edward Olsen appeared at the hearing on behalf of defendant.  For all the reasons described below and on the record during the hearing, the undersigned recommends that defendant's motion to dismiss (ECF No. 33) be granted, and that plaintiff's case be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

////

////

1

1      I.      BACKGROUND

2          Plaintiff Cristianne K. Silva ("plaintiff") is proceeding without counsel in this action.[1]  On

3   September 29, 2013, defendant the United States of America ("defendant") filed a Motion to

4   Dismiss For Failure To Cooperate In Discovery And Failure To Prosecute (ECF No. 33), and set

5   the motion to be heard on October 31, 2013.  Due to the court's unavailability on that date, the

6   court reset the matter to be heard on November 7, 2013.  (ECF No. 34.)  As a result, plaintiff's

7   written opposition or statement of non-opposition was due on or before October 24, 2013.  E.D.

8   Cal. L.R. 230(c).

9          Plaintiff failed to timely file an opposition or statement of non-opposition.  In light of

10  plaintiff's pro se status, the court ordered plaintiff to show cause why she should not be

11  sanctioned for the delay in filing her opposition.  (ECF No. 35.)  The court also ordered plaintiff

12  to appear in person at the hearing on the motion to: "address her failure to timely file a written

13  opposition or statement of non-opposition to the pending Motion to Dismiss," give "an

14  explanation showing cause why she should not be sanctioned — monetarily and/or by way of a

15  recommendation that her case be dismissed — for once again failing to timely file an opposition

16  or statement of non-opposition to a pending motion," and "address the arguments made in

17  defendant's pending Motion to Dismiss, including but not limited to arguments about the

18  sufficiency of her initial disclosures."  (Id.)  The court also expressly informed plaintiff that:

19  "***Should plaintiff fail to personally appear at the hearing on Thursday, November 7, 2013, at***

20  ***10:00 a.m. in Courtroom 25, plaintiff will face monetary and/or other sanctions, potentially***

21  ***including a recommendation that this case be dismissed.***"  (Id. at 3 (emphasis in original).)

22  Despite the court's order, however, plaintiff neither filed an opposition nor appeared at the

23  hearing.  (ECF No. 36.)

24          This was not the first time plaintiff had failed to timely complete a filing and/or comply

25  with a court order in this case.  Plaintiff was previously warned of the consequences of failing to

---

[1]     This case proceeds before the undersigned pursuant to Eastern District of California Local
Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), as well as a referral order issued on March 22, 2013
(ECF No. 20).

comply with court rules and deadlines, also in the context of a motion to dismiss.  When plaintiff failed to file an opposition to defendant's *previous* motion to dismiss in part for failure to provide initial disclosures (ECF No. 21), the court warned plaintiff that her failure to timely oppose the motion would result in a recommendation of dismissal, gave plaintiff an extension to oppose the motion and to show cause why she should not be sanctioned, and continued the hearing.  (ECF No. 24.)  Plaintiff filed a written opposition by the extended deadline, but she failed to appear at the hearing.  (ECF Nos. 25, 29.)  After she failed to appear at the hearing, the court again ordered plaintiff to show cause why she should not be sanctioned.  (ECF No. 30.)  Plaintiff ultimately informed the court that she was "under the false impression that [she] was not required to show up" at the hearing on June 20, 2013.  (ECF No. 31.)

   The court discharged the order to show cause given plaintiff's pro se status, and gave plaintiff 60 days to seek to secure legal counsel and to produce her initial disclosures.  (ECF No. 32.)  However, the undersigned explicitly warned plaintiff that, "regardless of her difficulties understanding the rules, in the future she will not receive the same leeway the undersigned has given her in this instance."  (ECF No. 32 at 3.)  "While the undersigned appreciates plaintiff's trying medical circumstances, such circumstances must not become a regularly-invoked excuse for failure(s) to timely comply with court orders and rules.  The undersigned is encouraged by plaintiff's timely compliance with the [order to show cause], which itself demonstrates plaintiff's ability to timely comply with court orders and rules despite her medical difficulties.  The undersigned expects such timely compliance in the future."  (Id. at 4.)  Further, plaintiff was warned that if she again "fails to provide timely compliance with all court orders and rules, she will face monetary and/or other sanctions."  (Id.)  Upon completion of plaintiff's 60-day period to seek counsel and serve her initial disclosures, defendant filed the pending Motion to Dismiss, which challenges the sufficiency of plaintiff's purported "initial disclosures."  (ECF No. 33.)  As stated above, however, plaintiff failed to timely file an opposition or statement of non-opposition to the pending motion, failed to explain why she did not file any such document, and failed to appear at the hearing on the motion — all despite a court order explicitly informing her that sanctions would result from such failures.  (ECF No. 35.)

3

1    II.      LEGAL STANDARD

2         A court must weigh five factors in determining whether to dismiss a case for failure to

3    prosecute, failure to comply with a court order, or failure to comply with a district court's local

4    rules.  See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  Specifically, the court

5    must consider:

6         (1) the public's interest in expeditious resolution of litigation; (2) the
          court's need to manage its docket; (3) the risk of prejudice to the
7         defendants; (4) the public policy favoring disposition of cases on their
          merits; and (5) the availability of less drastic alternatives.
8

9    Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali v.

10   Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The Ninth Circuit Court of Appeals has stated that

11   "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a

12   way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods.

13   Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

14        Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply

15   with these Rules or with any order of the Court may be grounds for imposition by the Court of

16   any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

17   Moreover, Eastern District Local Rule 183(a) provides, in part:

18        Any individual representing himself or herself without an attorney
          is bound by the Federal Rules of Civil or Criminal Procedure, these
19        Rules, and all other applicable law.  All obligations placed on
          "counsel" by these Rules apply to individuals appearing in propria
20        persona.  Failure to comply therewith may be ground for dismissal,
          judgment by default, or any other sanction appropriate under these
21        Rules.

22   See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

23   same rules of procedure that govern other litigants") (overruled on other grounds).  Case law is in

24   accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's

25   case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his

26   or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the

27   court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a

28   court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation

                                                    4

1  Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss

2  an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to

3  prosecute or comply with the rules of civil procedure or the court's orders); Ghazali, 46 F.3d at 53

4  ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik, 963

5  F.2d at 1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

6  an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City

7  of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent

8  power to control their dockets and may impose sanctions including dismissal or default).

9      III.    <u>DISCUSSION</u>

10      A. *Defendant's Motion To Dismiss*

11      Defendant's pending motion to dismiss (ECF No. 33) urges dismissal in light of plaintiff's

12  repeated failures to provide complete initial disclosures to defendant given that this action was

13  filed over a year ago.  During the hearing, defense counsel confirmed that plaintiff had not

14  communicated with him for several months, and that she had not contacted him regarding the

15  pending motion or the court's order requiring her to appear personally at the hearing.[2]

16      According to defendant, in August of 2013, plaintiff cobbled together a few medical

17  documents, labeled them as her "initial disclosures," and served them upon defendants.  (ECF No.

18  33-2.)  Under Federal Rule of Civil Procedure 26(a)(1)(A), litigants must provide "initial

19  disclosures" to opposing litigants, so as to identify "each individual" likely to have discoverable

20  information, copies or descriptions of "all documents" in the disclosing party's control that may

21  support its claims or defenses, a computation of each "category of damages" claimed by the

22  disclosing party, and any insurance agreements that may pertain to a judgment in the action.  Fed.

23  R. Civ. P. 26(a)(1)(A)(i)-(iv).

24      Defendant argues that, "[t]o the extent that the three-page letter and three-ring binder that

25  Silva delivered to Defendant on August 27, 2013, was intended by Silva to constitute her Initial

26  Disclosures, they do not comply with" the applicable rule.  (ECF No. 33-1 at 4-5.)  According to

27  

28  [2]  Defendant's proof of service reflects that plaintiff was served with copies of the moving papers via U.S. Mail on September 27, 2013.  (ECF No. 33-3.)

1  defendant:

2  > Silva has not provided the name, address and telephone number of
each individual likely to have discoverable information – along

3  > with the subjects of that information – that she may use to support
her claims. <u>See</u> Fed. R. Civ. P. 26(a)(1)(A)(i). Silva has also not

4  > provided a computation of each category of damages she seeks in
this action. <u>See</u> Fed. R. Civ. P. 26(a)(1)(A)(iii). The most that can

5  > be said of the hodgepodge of documents in the three-ring binder is
that it may constitute Silva's attempt to provide a copy of all

6  > documents that she may use to support her claims. <u>See</u> Fed. R. Civ.
P. 26(a)(1)(A)(ii). Silva's obligations under Rule 26(a)(1)(A) go

7  > further, however, than simply providing documents that a litigant
may use to support his or her claims.

8

9  (ECF No. 33-1 at 4-5.) Defendant concludes by arguing that, "[a]s a result of Silva's failure to

10  provide any legitimate semblance of Initial Disclosures under Fed. R. Civ. P. 26 (despite being

11  directed by this Court to do so), Defendant has thus far been unable to effectively defend Silva's

12  FTCA action. Silva's failure to provide complete Initial Disclosures is particularly egregious in

13  light of the fact that this case has been pending since July 5, 2012. Accordingly, Defendant

14  respectfully asks the Court to dismiss Silva's action."[3] (ECF No. 33-1 at 5.)

15         Defendant is correct that plaintiff's "three-page letter and three-ring binder" (ECF No. 33-

16  2) do not meet the definition of "initial disclosures" under Federal Rule of Civil Procedure

17  26(a)(1)(A). However, doubting that a pro se plaintiff's providing inadequate or partial "initial

18  disclosures" warrants dismissal of her case, the undersigned sought to hear from plaintiff on the

19  issue despite her failure to file a written opposition. The undersigned also sought to verbally

20  discuss the initial disclosure requirements with plaintiff, as well as ways plaintiff might

21  supplement her recent so-called "initial disclosures," given the possibility that she may not fully

22  understand the requirements of Rule 26. Accordingly, the undersigned issued an order requiring

23  plaintiff to personally appear at the hearing. (ECF No. 35.)

24  [3] Defendant's moving papers seek dismissal pursuant to both Federal Rules of Civil Procedure
41(b) *and* Rule 37. (<u>See</u> ECF No. 33 at 1, 5.) Defendant's moving papers failed to meaningfully

25  discuss the propriety of alternate discovery sanctions short of dismissal. Fed. R. Civ. P.
37(b)(2)(A)(i)-(vii) (noting that a court sanctioning for failure to comply with a discovery order

26  may strike pleadings in whole or in part, staying the proceedings until the order is obeyed,
holding the disobeying party in contempt of court, dismissing the action in whole or in part, etc.).

27  Regardless, for the reasons stated herein a dismissal under Rule 41(b) is appropriate here, and as a

28  result, the undersigned need not analyze the propriety of dismissal under Rule 37(b)(2)(A)(v).

1   However, as noted above, plaintiff failed to appear at the hearing, failed to file an

2   opposition to the motion, and failed to file explanations for such failures, all despite having been

3   warned of the consequences.  While a pro se plaintiff might be entitled to some leeway regarding

4   the adequacy of her initial disclosures, this plaintiff has now repeatedly failed to timely oppose

5   motions to dismiss in this case, and most recently she has failed to comply with a court order

6   expressly requiring her appearance at a hearing.  These unexplained failures have prevented the

7   court from verbally discussing the initial disclosure requirements with plaintiff, which might have

8   been helpful given the plaintiff's apparent difficulties with the text of Rule 26.  Unfortunately,

9   however, plaintiff's failure to comply with the undersigned's order (ECF No. 35) has foreclosed

10  such verbal discussion.  Ultimately, plaintiff has demonstrated an inability to meaningfully

11  comply with court orders and the rules of litigation procedure, even when she receives "breaks"

12  and multiple chances to do so.

13       B.  *Dismissal Under Rule 41(b) Is Appropriate*

14       Although involuntary dismissal can be a harsh remedy, on balance the five relevant Ferdik

15  factors weigh in favor of dismissal of this action.  *See* Ferdik, 963 F.2d at 1260.  The first two

16  Ferdik factors strongly support dismissal here.  Plaintiff's failure to oppose defendant's motion to

17  dismiss (ECF No. 33), despite clear warnings of the consequences of not timely opposing such

18  motions (ECF Nos. 24, 35), coupled with plaintiff's repeated failures to appear at hearings on

19  such motions — even when ordered to do so by the court (ECF No. 35) — strongly suggest that

20  plaintiff is not interested in seriously prosecuting this case, or at least, does not take her

21  obligations to the court and other parties seriously.  *See, e.g.,* Yourish v. Cal. Amplifier, 191 F.3d

22  983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always

23  favors dismissal").  Any further time spent by the court on this case, which plaintiff has

24  demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and

25  take away from other active cases.  *See* Ferdik, 963 F.2d at 1261 (recognizing that district courts

26  have inherent power to manage their dockets without being subject to noncompliant litigants).

27       Further, as described above, this is not plaintiff's first failure to comply with court orders.

28  When plaintiff failed to file an opposition to defendant's *previous* motion to dismiss (ECF No.

21), the court warned plaintiff that her failure to timely oppose the motion would result in a recommendation of dismissal, gave plaintiff an extension to oppose the motion and to show cause why she should not be sanctioned, and continued the hearing.  (ECF No. 24.)  Plaintiff filed a written opposition by the extended deadline, but she failed to appear at the hearing.  (ECF Nos. 25, 29.)  After she failed to appear at the hearing, the court again ordered plaintiff to show cause why she should not be sanctioned.  (ECF No. 30.)  Plaintiff ultimately informed the court that she was "under the false impression that [she] was not required to show up" at the hearing on June 20, 2013.  (ECF No. 31.)  The court discharged the order to show cause given plaintiff's pro se status, and gave plaintiff 60 days to seek to secure legal counsel and to produce her initial disclosures. (ECF No. 32.)  However, the undersigned explicitly warned plaintiff that, "regardless of her difficulties understanding the rules, in the future she will not receive the same leeway the undersigned has given her in this instance."  (ECF No. 32 at 3.)  "While the undersigned appreciates plaintiff's trying medical circumstances, such circumstances must not become a regularly-invoked excuse for failure(s) to timely comply with court orders and rules.  The undersigned is encouraged by plaintiff's timely compliance with the [order to show cause], which itself demonstrates plaintiff's ability to timely comply with court orders and rules despite her medical difficulties.  The undersigned expects such timely compliance in the future."  (Id. at 4.) Further, plaintiff was warned that if she again "fails to provide timely compliance with all court orders and rules, she will face monetary and/or other sanctions."  (Id.)  Despite these warnings and multiple chances, however, plaintiff's recent failure to oppose the pending motion to dismiss (ECF No. 33) and failure to comply with a court order directing her to appear at the hearing (ECF No. 35) confirm plaintiff's demonstrated lack of any serious intention to pursue this case.  See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

        The third Ferdik factor, prejudice to a defendant, also favors dismissal.  Plaintiff failed to oppose defendant's motion to dismiss (ECF No. 33) and failed to appear at the hearing on the motion (ECF No. 36), such that at a minimum, defendant has been prevented from attempting to resolve this case on the merits by plaintiff's unreasonable delay in prosecuting this action.

1    Unreasonable delay is presumed to be prejudicial.  See, e.g., In re Phenylpropanolamine (PPA)

2    Prods. Liab. Litig., 460 F.3d at 1227.  In particular, this case was filed well over a year ago (ECF

3    No. 1) and defendant still has not received complete initial disclosures from plaintiff.  (ECF No.

4    33.)  Indeed, "[a]s a result of Silva's failure to provide any legitimate semblance of Initial

5    Disclosures under Fed. R. Civ. P. 26 (despite being directed by this Court to do so), Defendant

6    has thus far been unable to effectively defend Silva's FTCA action.  Silva's failure to provide

7    complete Initial Disclosures is particularly egregious in light of the fact that this case has been

8    pending since July 5, 2012."  (ECF No. 33-1 at 5.)  A party who has diligently attempted to

9    defend itself should not be punished by the opposing party's persistent failures to timely oppose

10   motions to dismiss, not to mention failures to provide basic preliminary case information in the

11   form of initial disclosures.

12        The fifth Ferdik factor, which considers the availability of less drastic measures, also

13   supports dismissal of this action.  As noted above, the court has actually pursued remedies that

14   are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d

15   128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court

16   actually tries alternatives before employing the ultimate sanction of dismissal").  For instance, the

17   court ordered plaintiff to appear at the hearing on defendant's motion to dismiss (ECF No. 33)

18   notwithstanding her failure to timely oppose the motion in writing, so that the court could

19   verbally discuss the initial disclosure requirements with plaintiff and so that plaintiff could

20   verbally explain any grounds for opposing the motion.  (ECF No. 35.)  The court also advised

21   plaintiff that she was required to actively prosecute her action and follow the court's orders.  (Id.)

22   It also warned plaintiff in clear terms that failure to appear at the hearing to state any reasons for

23   opposing the motion could result in a recommendation of dismissal of the action.  (Id. at 3.)

24   Warning a plaintiff that failure to take steps towards resolution of his or her action on the merits

25   will result in dismissal satisfies the requirement that the court consider the alternatives.  See, e.g.,

26   Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party

27   that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of

28   alternatives' requirement") (citing Malone, 833 F.2d at 132-33).

9

1    At this juncture, the court finds no suitable alternative to a recommendation for dismissal

2    of this action.  In light of plaintiff's failures to respond to defendant's motion despite the court's

3    order giving her an additional chance to do so (ECF No. 35), the court has little confidence that

4    plaintiff would pay monetary sanctions if they were imposed in lieu of dismissal.  Plaintiff

5    disregarded the court's order directing her to appear at the hearing even though that order

6    explicitly warned her that failing to appear would result in "monetary and/or other sanctions,"

7    such that yet another order directing plaintiff to pay monetary sanctions would be similarly

8    disregarded.

9    The court also recognizes the importance of giving due weight to the fourth <u>Ferdik</u> factor,

10   which addresses the public policy favoring disposition of cases on the merits.  However, for the

11   reasons set forth above, factors one, two, three, and five support a recommendation of dismissal

12   of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where

13   at least four factors support dismissal or where at least three factors 'strongly' support dismissal."

14   <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks

15   omitted).  Under the circumstances of this case, the other relevant factors outweigh the general

16   public policy favoring disposition of actions on their merits.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1263.  If

17   anything, a disposition on the merits has been hindered by plaintiff's own repeated failures to

18   comply with the court's orders and the rules of litigation procedure.

19   In sum, the court endeavors to give pro se litigants, unfamiliar with court procedures, a

20   fair opportunity to present their case.  As such, the court has repeatedly given plaintiff multiple

21   opportunities to oppose successive motions to dismiss, including ordering her to appear at the

22   hearing so that she could have the chance to verbally oppose defendant's most recent motion and

23   discuss ways to supplement her inadequate initial disclosures.  Yet plaintiff did not seize upon

24   these opportunities.  The court has also provided plaintiff with cautionary instructions and

25   afforded plaintiff some leniency with respect to the litigation.  However, at some point, leniency

26   must give way to considerations of limited court resources and fairness to the other compliant

27   litigants.

28   ////

10

1    IV.    CONCLUSION

2            For the foregoing reasons IT IS HEREBY RECOMMENDED that:

3        1.      Defendant's Motion to Dismiss (ECF No. 33) be GRANTED, and the action be

4    DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).

5        2.      The Clerk of Court be directed to close this case and vacate all dates.

6            These findings and recommendations are submitted to the United States District

7    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

8    (14) days after being served with these findings and recommendations, any party may file written

9    objections with the court and serve a copy on all parties.  Such a document should be captioned

10   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

11   shall be served on all parties and filed with the court within fourteen (14) days after service of the

12   objections.  The parties are advised that failure to file objections within the specified time may

13   waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

14   Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

15           IT IS SO RECOMMENDED.

16   Dated:  November 21, 2013

17

18                                              KENDALL J. NEWMAN
                                                UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28

                                                11